

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

**BARRY HARRELL and BEATRICE HARRELL,**

      **Plaintiffs,**

  **v.**                        **CIVIL NO.  2:13cv602**

**CALIBER HOME LOANS, INC. et al,**

      **Defendants.**

<u>**MEMORANDUM OPINION AND FINAL ORDER**</u>

This matter comes before the court on the Motion to Dismiss for Failure to State a Claim ("Motion") filed by the Defendant,[1] Caliber Home Loans, Inc. ("Caliber") on November 25, 2013. The Plaintiffs have not responded to the Motion as required by Local Rule 7(F), and the time to do so has passed. The matter is now ripe for review. For the reasons stated below, the Motion is **GRANTED**.

**I. FACTS AND PROCEDURAL HISTORY**

In March of 2007, the Plaintiffs entered into a mortgage loan ("Note") secured by a Deed of Trust ("DOT") for their real property located at 2512 Effingham Street, Portsmouth, Virginia ("Property"). Ex. A, Notice of Removal 9 [hereinafter "Compl."]. On March 10, 2011, the loanholder, Caliber, notified the Plaintiffs that they were in default. Compl. at 4. On

---

[1] There are three named defendants in this case. Throughout this Order, "the Defendant" refers to the movant party, Caliber.

September 12, 2011, Caliber appointed Equity Trustees as the substitute trustee for the DOT, replacing the original trustee. Id. Equity Trustees initiated foreclosure proceedings and conducted a trustee's sale of the Property to Solomon Investments, Inc. and Mozart Investments, L.L.C., on February 26, 2013. Compl. at 5. In April of 2013, the buyers assigned all of their rights in the Property to Suffolk Golf, Inc. ("Suffolk Golf"). Suffolk Golf then initiated an unlawful detainer suit against the Plaintiffs in Portsmouth General District Court. Id.

On October 15, 2013, the Plaintiffs filed a Complaint in the Circuit Court of the City of Portsmouth, seeking declaratory relief regarding the foreclosure proceedings. Notice of Removal at 2; Compl. at 8-9. The Complaint names Caliber, Equity Trustees, and Suffolk Golf as defendants. The Complaint alleges that the DOT is missing a page containing material terms of the contract, and that consequently the DOT is unenforceable. The Complaint seeks a declaratory judgment that, inter alia, the DOT is unenforceable; the appointment of the substitute trustee was without authority, and therefore null and void; and the Plaintiffs are the title owners of the Property in question. Although titled as a request for a declaratory judgment, the Complaint also seeks equitable remedies, including the

2

rescission of the trustee's sale and an order that Caliber is to make appropriate corrections to the Plaintiffs' credit reports. Compl. at 8-9.

On November 13, 2013, Caliber removed the action to this court pursuant to 28 U.S.C. §§ 1331 and 1332(a), asserting both diversity jurisdiction and federal question jurisdiction. On November 19, 2013, the court ordered Caliber to show cause why the case should not be remanded for lack of subject matter jurisdiction. Caliber responded to the Show Cause Order on November 25, 2013, asserting that all the non-diverse defendants had been fraudulently joined, and therefore the court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). A few days prior to that Response, on November 19, 2013, Caliber also filed the instant Motion. The Plaintiffs have not filed a response to the Motion within the time required, and therefore the matter is ripe for review.

## II. SUBJECT MATTER JURISDICTION

Before reaching the merits of the Motion, this court must establish that it has subject matter jurisdiction. Caliber argues that this court has subject matter jurisdiction under 28 U.S.C. § 1332(a). In order to establish diversity jurisdiction, a plaintiff must not share common citizenship with a defendant and the amount in controversy must exceed $75,000.   See 28

3

U.S.C. § 1332(a). All defendants must be diverse from all plaintiffs. Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir. 1999).

In suits involving claims to real property, the value of the property determines the amount in controversy. See Sherman v. Litton Loan Servicing, 796 F. Supp. 2d 753, 766 (E.D. Va. 2011) (finding the amount in controversy was met based on "the manifest fact that the value of the Property exceeds $75,000"). Here, the value of the Property is more than $75,000, Ex. B, Notice of Removal, so the only issue is the complete diversity requirement of 28 U.S.C. § 1332(a).

There are three named defendants in this case: Caliber, which is the removing party, and two non-diverse co-defendants, Equity Trustees and Suffolk Golf. Compl. at 2. Caliber does not argue that Equity Trustees and Suffolk Golf are diverse; instead it asserts that the two non-diverse defendants were "fraudulently joined," and therefore that the diversity requirement of 28 U.S.C. § 1332(a) is met.

The "fraudulent joinder" doctrine provides that "diversity is not defeated by the joinder of parties against whom the plaintiff has no reasonable hope of recovery." 17th St. Assocs., LLP v. Markel Int'l Ins. Co. Ltd., 373 F. Supp. 2d 584, 595 (E.D. Va. 2005); see also Mayes, 198 F.3d at 461. "To show

4

fraudulent joinder, the removing party must demonstrate either 'outright fraud in the plaintiff's pleading of jurisdictional facts' or that 'there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court.'" Hartley v. CSX Transp., Inc., 187 F.3d 422, 424 (4th Cir. 1999) (quoting Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993)). There has been no allegation of bad faith on the part of the Plaintiffs, so the issue is whether the Plaintiffs have any possibility of recovery against the non-diverse Defendants. The removing party "must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor." Hartley, 187 F.3d at 424 (citations omitted). This standard is "even more favorable to the plaintiff" than the standard for a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Id. In making a determination as to fraudulent joinder, the court is not bound by the allegations of the pleadings, but may instead "consider the entire record, and determine the basis of joinder by any means available." AIDS Counseling & Testing Centers v. Grp. W Television, Inc., 903 F.2d 1000, 1004 (4th Cir. 1990) (quoting Dodd v. Fawcett Publications, Inc., 329 F.2d 82, 85 (10th Cir. 1964)).

In the Complaint, the Plaintiffs ask for a mix of declaratory and injunctive relief in what is essentially a request for an order stating: (1) the DOT is unenforceable; (2) the substitute trustee was appointed without proper authority and therefore the Deed of Appointment of Substitute Trustee is null and void; (3) the trustee's sale and conveyance of title to Suffolk Golf is to be rescinded and declared null and void (4) the Plaintiffs are the title owners of the Property; and (5) Caliber is to correct the credit profiles of the Plaintiffs. Compl. at 8-9.

Although it is unclear from the Complaint which causes of action are being asserted against which Defendants, it appears that the claims involving the non-diverse defendants are the allegations regarding (1) Equity Trustees' sale of the Property to Suffolk Golf; and (2) whether Suffolk Golf is the true title owner of the Property.

## A. Equity Trustees

The Plaintiffs request a declaratory judgment that the foreclosure sale is null and void. Because the sale has already occurred, a declaratory judgment to that effect would be inappropriate. See Tapia v. U.S. Bank, N.A., 718 F. Supp. 2d 689, 696 (E.D. Va. 2010) aff'd, 441 F. App'x 166 (4th Cir. 2011) (noting that declaratory relief is necessarily forward-looking,

and is "untimely if damages have already accrued"); Ramirez-Alvarez v. Aurora Loan Servs., LLC, No. 01:09-cv-1306, 2010 WL 2934473, at *3 (E.D. Va. July 21, 2010) ("as the alleged wrong or questionable conduct has already occurred (the foreclosure), a declaratory relief is inappropriate in this matter"); Merino v. EMC Mortgage Corp., No. 1:09-cv-1121, 2010 WL 1039842, at *4 (E.D. Va. Mar. 19, 2010) ("Plaintiffs' home has already been foreclosed on, and thus, seeking a declaratory judgment as to Defendants' title and interest in the property is inapposite to the underlying purpose of declaratory relief.").

The Plaintiffs also request equitable relief, in the form of rescission of the foreclosure sale. Plaintiffs cannot succeed on this claim for rescission, because they are not parties to the foreclosure sale. See Browning v. Fed. Nat. Mortgage Ass'n, No. 1:12-cv-9, 2012 WL 1144613, at *4 (W.D. Va. Apr. 5, 2012) (holding that a plaintiff could not succeed in a claim for rescission of the foreclosure sale of their property because they were not a party to the sale). Moreover, the Plaintiffs do not allege any of the usual grounds for rescission, such as "fraud, mistake, illegality, disability, concealment, [or] undue influence." Runion v. Helvestine, 256 Va. 1, 10 (1998). Accordingly, their claim for rescission cannot succeed.

## B. Suffolk Golf

It is also unclear from the Complaint which claims the
Plaintiffs are asserting against Suffolk Golf, but it appears
their assertion that they are the true title owners of the
Property would implicate Suffolk Golf. As with their claims
against Equity Trustees, the Plaintiffs cannot succeed on this
claim.

"[A]n action to quiet title is based on the premise that a
person with good title to certain real or personal property
should not be subjected to various future claims against that
title." State of Maine v. Adams, 277 Va. 230, 238 (2009)
(quoting Neff v. Ryman, 100 Va. 521, 524 (1902). In cases like
the present one, plaintiffs must allege that they have superior
title by satisfying their loan obligations. See Blick v. JP
Morgan Chase Bank, No. 3:12-cv-1, 2012 WL 1030115, at *4 (W.D.
Va. Mar. 27, 2012), aff'd, 475 F. App'x 852 (4th Cir. 2012)
(dismissing a claim for quiet title where plaintiffs did not
allege that they had satisfied their loan obligations); see
also, Jones v. Fulton Bank, No. 3:13-cv-126, 2013 WL 3788428, at
*8 (E.D. Va. July 18, 2013) ("To assert a claim for quiet title,
the plaintiff must plead that he has fully satisfied all legal
obligations to the party in interest").

Here, the Plaintiffs have not alleged any facts that suggest they have superior title to the Property. Specifically, the Complaint contains no facts that would suggest that they have satisfied their obligations under the loan agreement. Without alleging facts to that effect, the Plaintiffs have not stated a claim for quiet title.[2]

For the reasons stated above, the Plaintiffs have no "reasonable hope of recovery" against the non-diverse Defendants, Equity Trustees and Suffolk Golf. Therefore the court **FINDS** that the non-diverse defendants are fraudulently joined. Accordingly, this court has subject matter jurisdiction to consider the Motion to Dismiss, pursuant to 28 U.S.C. § 1332(a).

---

[2] Moreover, although the DOT and the Note are "separate and distinct documents," "notes and contemporaneous written agreements executed as part of the same transaction will be construed together as forming one contract." Horvath v. Bank of New York, N.A., 641 F.3d 617, 624 (4th Cir. 2011) (citations omitted). Consequently, if the Plaintiffs are correct that the DOT is lacking material terms, then no transaction took place; essentially, they were never part of a transaction to buy the Property in the first place. This result is supported by the very cases the Plaintiffs cite in their Complaint. See Smith v. Farrell, 199 Va. 121, 128 (1957) ("If any portion of the proposed terms is not settled, or no mode is agreed on by which it may be settled, there is no agreement."); Bocek v. JGA Assocs., LLC, 537 F. App'x 169, 175 (4th Cir. 2013) (granting summary judgment for the defendant on a breach of contract claim because the contract was missing an essential term).

### III. MOTION TO DISMISS

Federal Rule of Civil Procedure 8(a) provides, in pertinent part, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint need not have detailed factual allegations, but Rule 8 "requires more than labels and conclusions . . . . [A] formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). Facial plausibility means that a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). It is, therefore, not enough for a plaintiff to allege facts demonstrating a "sheer possibility" or "mere[] consist[ency]" with unlawful conduct. Id. (citing Twombly, 550 U.S. at 557).

The Supreme Court, in Twombly and Iqbal, offered guidance to courts evaluating a motion to dismiss:

> In keeping with these principles a court considering a motion to dismiss can choose to begin by

> identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Iqbal, 556 U.S. at 679. That is, the court accepts facts alleged in the complaint as true and views those facts in the light most favorable to the plaintiff. Venkatraman v. REI Sys., 417 F.3d 418, 420 (4th Cir. 2005). Overall, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

On this Motion to Dismiss, the court needs to consider only the claims against Caliber, because the other named Defendants have been fraudulently joined. See supra Part II. All of the Plaintiffs' claims stem from their assertion that the DOT was missing material terms, and was therefore unenforceable. From this premise they conclude that Caliber had no authority under the DOT to appoint the substitute trustee, and therefore the subsequent foreclosure actions by the substitute trustee were unlawful. Compl. at 5-9.[3]

---

[3] As an initial matter, the Virginia code confirms that Caliber had the authority to appoint Equity Trustees as the substitute

11

The Plaintiffs lack standing for any of their claims against Caliber. Article III standing requires three elements: "First, the plaintiff must have suffered an 'injury in fact' . . . . . Second, there must be a causal connection between the injury and the conduct complained of . . . . . Third, it must be 'likely,' as opposed to merely 'speculative,' that the injury will be redressed by a favorable decision." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).

The Plaintiffs presumably have suffered injury by the foreclosure. Where their claims fall short is their lack of any facts to support causality and redressability. "In order to prove causation, a plaintiff must demonstrate that the injury 'fairly can be traced to the challenged action of the defendant.'" Bishop v. Bartlett, 575 F.3d 419, 425 (4th Cir. 2009) (quoting Simon v. E. Ky. Welfare Rights Org., 426 U.S. 26, 41-42 (1976)).

Here, the claims against Caliber allege that it wrongfully (1) appointed a substitute trustee; (2) through that trustee, foreclosed on the Property; (3) executed a sale of the Property

---

trustee. "The party secured by the deed of trust, or the holders of greater than fifty percent of the monetary obligations secured thereby, shall have the right and power to appoint a substitute trustee or trustees for any reason." Va. Code Ann. § 55-59(9); see also Merino, 2010 WL 1039842, at *3. As the holder of the monetary obligation of the Note, Caliber was authorized by statute to appoint a substitute trustee.

through that trustee, and (4) reported the foreclosure to credit bureaus. None of these actions are wrongful if the substitution of the trustee is lawful. Consequently, the Complaint must allege that the foreclosure process would not have happened without the allegedly unlawful appointment of Equity Trustees as the substitute trustee. See Greene v. LNV Corp., No. 3:12-cv-780, 2013 WL 1652232, at *5 (E.D. Va. Apr. 16, 2013) (finding that under similar facts, the Complaint must allege the causal relationship between the substitution of the trustee and the injuries).

To allege that the appointment of the substitute trustee was the cause of their injuries, the Plaintiffs "would have to plead that the Substitution of Trustee occurred before the default." Douglas v. Branch Banking & Trust Co., No. 3:12-cv-854, 2013 WL 1683663, at *4 (E.D. Va. Apr. 17, 2013) (finding lack of causality under similar facts, where the trustee substitution happened after the default). The Plaintiffs received notice that they were in default six months before the substitute trustee was appointed. Compl. at 4. They have not alleged that they are able to satisfy their obligations under the Note, and so their Complaint fails to allege the injuries are due to any actions other than their own. Therefore, their

13

claims do not meet the causality requirement of Article III standing.

The Complaint also does not allege facts that meet the redressability requirement of Article III standing. Even if the court were to issue an order with everything the Plaintiffs ask for, unless the Plaintiffs are able to meet the requirements of their loan or have already done so, they will find themselves in foreclosure again, and with the same blemish on their credit reports.[4] There is nothing alleged in their pleadings that suggests that a judgment in their favor would redress their injuries. See Greene, 2013 WL 1652232, at *6 (holding, under similar facts, that "[a]lthough there might exist some hypothetical scenario in which [the defendant] decides not to foreclose for a second time, the [plaintiffs] have not alleged it in their pleadings, and it is within neither the province nor

_____

[4] With regard to their request for Caliber to correct their credit reports, even if this court were to liberally construe the Plaintiffs' request as an attempt to assert a claim under the Fair Credit Reporting Act, it would be insufficient. See Blick, 2012 WL 1030137, at *9 ("[T]he FCRA does not provide a private right of action for a credit furnisher's alleged failure to report accurate information. Rather, a furnisher only faces liability if a complaint alleges that a furnisher failed to conduct a reasonable investigation of a consumer's dispute after being notified of a dispute directly by a credit reporting agency.").

expertise of this Court to allege it for them").[5] Accordingly, the allegations asserted against Caliber fail to state a claim for lack of standing.

### IV. Conclusion

For the reasons stated above, the Defendant's Motion to Dismiss, ECF No. 4, is **GRANTED**. The Plaintiffs' Complaint is hereby **DISMISSED**. The Clerk is **DIRECTED** to forward a copy of this Memorandum Opinion and Final Order to counsel of record for the parties.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
Chief
United States District Judge

REBECCA BEACH SMITH
CHIEF UNITED STATES DISTRICT JUDGE

February 4 , 2014

---

[5] Moreover, as noted previously, the Plaintiffs' own legal theory precludes the relief sought. If the court were to conclude that the DOT is unenforceable for lack of certain material terms, it would necessarily have to conclude that the entire transaction, including the execution of the Note, never took place. See supra note 2. Simply put, there is no legal scenario in which the Plaintiffs obtain title to the Property without paying for it.